UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/2023

UNITED STATES OF AMERICA,

                Petitioner,

-against-

DARNELL KING,

                Respondent.

Case No. 21-CR-255 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendant Darnell King ("King" or "Defendant") was charged by indictment dated April 19, 2021 with a violation of 18 U.S.C. 922(g)(1) ("Section 922(g)(1)") for knowingly possessing a firearm while having a previous felony conviction. (ECF No. 9 ("Indictment")). The Court conducted a one-week trial in June 2023 on the charged violation of Section 922(g)(1). At the trial's conclusion, a jury found King guilty of violating Section 922(g)(1). (*See* ECF No. 99.)

After trial, King filed motions for: (1) a mistrial; (2) a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29"); and (3) a new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33") (collectively, the "Post-Trial Motions"). (ECF Nos. 88 and 90.) For the following reasons, the Court DENIES each of the Post-Trial Motions.

## BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case, but it restates the below background for context.

In anticipation of King's trial, the Government moved *in limine* to: (i) to admit identifications of King by a Mount Vernon Police Department ("MVPD") Detective ("Detective-1"), who is familiar with King's appearance, in surveillance footage from around the time and place of a shooting that took place on March 12, 2021 (the "Shooting"); (ii) to

1

admit a text exchange found on King's cellphone that occurred on April 8, 2021, between King and a phone number saved in King's cellphone as "Baby Momma"; and (iii) to preclude King from referencing or eliciting testimony about his family obligations, potential health or financial circumstances, or other similar factors unrelated guilt.  (*See* ECF No. 64 ("Gov't MIL Mem.")).

Additionally, King moved *in limine* to (i) preclude the Government from offering in its case in chief any evidence that King has more than one prior felony conviction and requesting that the Government enter into a stipulation with the King admitting that the King has "a prior felony conviction," which would constitute conclusive proof of an essential element of the charged violation of 18 U.S.C. § 922(g); (ii) preclude the Government from referring to the King as a "convicted felon"; (iii) preclude the Government from referring to anyone associated with this prosecution as the "victim" in the instant case; and (iv) preclude the government from referring to any "shooting" in the instant case.  (*See* ECF No. 65 ("Def.'s MIL Mem.")).

In its Opinion and Order dated June 12, 2023, the Court preliminarily: (1) permitted the Government to introduce evidence of the Shooting; (2) permitted the Government to admit Detective-1's surveillance video identification; (3) precluded the Government from admitting King's April 8, 2021 text messages with "Baby Momma"; (4) precluded King from admitting evidence or testimony about King's family obligations or potential health or financial circumstances; (5) mooted King's request that the parties enter into a stipulation that King has a "Prior Felony Conviction," as the parties had already agreed to do so; (6) declined to preclude the Government from referring to King as a "convicted felon"; and (7) granted King's motion to preclude any reference to the individual that was shot as the "victim." (*See* ECF No. 73.)

As noted *supra*, in June 2023, the Court conducted a one-week trial as to the charged violation of Section 922(g)(1) and, at its conclusion, a jury found King guilty of this charged violation. (*See* ECF No. 99.) Following the trial, on July 30, 2023, King moved for: (1) a

mistrial due to improper summation (ECF No. 90); a judgment of acquittal pursuant to Rule 29 based on the alleged unconstitutionality of Section 922(g)(1) and the theory that the evidence presented at trial was insufficient to establish King's guilt of possession of a firearm beyond a reasonable doubt; and (3) a new trial pursuant to Rule 33 on that same insufficiency of the evidence theory. (ECF No. 88.) The Government opposed the motions, filing an opposition to King's motion for a mistrial on July 31, 2023 (ECF No. 92) and an opposition to King's motions for acquittal and a new trial on August 31, 2023. (ECF No. 93.)

## LEGAL STANDARDS

### I. Mistrial Based on Improper Summation

A defendant who seeks to overturn their conviction due to "alleged prosecutorial misconduct in summation bears a 'heavy burden.'" *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (quoting *United States v. Feliciano*, 223 F.3d 102, 123 (2d Cir. 2000)). "Flaws in the government's summation will require a new trial only in the rare case in which improper statements—viewed against the entire argument to the jury—can be said to have deprived the defendant of a fair trial." *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010); *accord Farhane*, 634 F.3d at 167 (noting that a defendant seeking a new trial based on alleged prosecutorial misconduct in summation "must show that the comment [at issue], when viewed against the entire argument to the jury, and in the context of the entire trial, was so severe and significant as to have substantially prejudiced him, depriving him of a fair trial" (internal quotation marks and citations omitted)). "In determining whether an inappropriate remark amounts to prejudicial error, [courts in the Second Circuit] look to 'the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct.'" *Caracappa*, 614 F.3d at 41 (quoting *United States v. Spinelli*, 551 F.3d 159, 170 (2d Cir. 2008)).

Most of the cases in which courts in this Circuit have "reversed convictions as a result of prosecutorial misconduct have involved repeated improper statements whose aggregate effect was more likely to undermine the fairness of the trial." *United States v. Melendez*, 57 F.3d 238, 241 (2d Cir. 1995) (collecting cases). Indeed, "to warrant reversal, the prosecutorial misconduct must cause the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002) (internal quotation marks and citation omitted). It follows that "[i]nappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *United States v. Young*, 470 U.S. 1, 11–12, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); *accord United States v. Modica*, 663 F.2d 1173, 1184 (2d Cir.1981) ("Reversal is an ill-suited remedy for prosecutorial misconduct...."). "Remarks of the prosecutor in summation do not amount to a denial of due process unless they constitute egregious misconduct." *United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002) (internal quotation marks and citation omitted).

## II. Rule 29

Rule 29 provides that after the close of the Government's evidence in a criminal trial, and on the defendant's motion, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. § 29(a). The rule permits a defendant to move for a judgment of acquittal within fourteen (14) days of a guilty verdict or the Court's discharge of the jury, whichever is later. Fed. R. Crim. P. § 29(c)(1). On such a motion, the Court must enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Fed. R. Crim. P. 29(a), (c); *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (citing *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002)). This standard imposes a heavy burden on the defendant, as a conviction must be affirmed if "any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

When assessing the sufficiency of the evidence, the Court must view the evidence in the light most favorable to the government and draw all reasonable inferences in its favor. *United States v. Puzzo*, 928 F.2d 1356, 1361 (2d Cir. 1991). The Court must consider direct evidence as well as any circumstantial evidence proffered. *See United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) (citing *United States v. Libera*, 989 F.2d 596, 601 (2d Cir. 1993), cert. denied, 510 U.S. 976 (1993)). In so doing, the Court must view the evidence in its totality, not in isolation, and note that the government is not required to negate every possible theory of innocence. *See United States v. Rosenthal*, 9 F.3d 1016, 1024 (2d Cir. 1993). Most importantly, the Court must not "usurp[e] the role of the jury," *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004) (citing *Jackson*, 335 F.3d at 180), nor "substitute its own determination of ... the weight of the evidence and the reasonable inferences to be drawn for that of the jury." Id. at 718 (citing *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999)) (internal quotation marks omitted).

### III.   Rule 33

On a Rule 33 motion, "the court may vacate any judgment and order a new trial if the interest of justice so requires." Fed. R. Crim. P. § 33. Rule 33 motions are typically granted "only in extraordinary circumstances." *United States v. Moore*, 54 F.3d 92, 99 (2d Cir. 1995); *see also United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997); *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009). The Rule 33 time limitations are also jurisdictional; unless a motion is timely filed, a court lacks the power to consider it. *United States v. Spencer*, 83 Fed.Appx. 391, 393 (2d Cir. 2003) (citing *United States v. Dukes*, 727 F.2d 34, 38 (2d Cir. 1984)). Although Rule 33 "confers broad discretion upon a trial court," a court must only grant

5

a Rule 33 motion to avoid a perceived miscarriage of justice. *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992).

Additionally, it is axiomatic that trial courts "must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *United States v. LeRoy*, 687 F.2d 610, 616 (2d Cir. 1982), cert. denied, 459 U.S. 1174 (1983). However, where testimony is deemed "patently incredible or defies physical realities," the Court may reject such evidence despite the jury's evaluation. *See United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001) (quoting *Sanchez*, 969 F.2d at 1414). The "ultimate test" for the Court's consideration is "whether letting a guilty verdict stand would be a manifest injustice [such that].... an innocent person may have been convicted." *Ferguson*, 246 F.3d at 133 (citation and quotation marks omitted); *see also United States v. Aponte-Vega*, 230 F.3d 522, 525 (2d Cir. 2000) (per curiam).

## DISCUSSION

### I. Mistrial Based on Improper Summation

King claims that the Court should grant his motion for a mistrial because the Government's summation argued in favor of a conviction for a crime with which he was not charged. (ECF No. 90, at 4.) Specifically, he contends that the Government made statements at the start and end of its closing argument to the effect that King's case is about a shooting, which impermissibly influenced the jury's verdict. (*Id.*, at 2-5.) King reasons that the following statement from the Government at the beginning of the summation flouted the Court's numerous admonitions that King's case is not about a shooting:

> On March 12, 2021, that man, Darnell King, he showed you who he was. Dressed all in black with a black facemask, dark ripped jeans, *came and shot Tyquan Bess* twice at pointblank range in the middle of the day on a crowded street. And he did it with this handgun, and it was all on camera.
>
> *That's why we are here. We are here because Darnell King used a gun to shoot Bess*, and it's illegal, if you've previously been convicted of a felony like Mr. King has, to possess a gun, much less shoot someone with it.

6

(*Id.*, at 3); (ECF No. 99, at 376:14-23) (emphasis added). King also asserts that the following statement from the Government at the end of its summation likewise contravened the Court's warnings:

> All of that, that is not a coincidence. That's evidence. *That's proof beyond a reasonable doubt that shows King shot Bess with this gun.* That's why you must do your duty and reach the only verdict that's consistent with the evidence, that's consistent with the law, and find Darnell King guilty. Thank you.

(*Id.*); (ECF No. 99, at 390:10-15). According to King, these statements "misled the jury as to what the charges were against [him]." (ECF No. 90, at 5.)

The Government counters that its summation, inclusive of these beginning and closing statements, was proper and followed the Court's instructions because it argued that the evidence that King shot Bess established that King possessed the gun that he used for the Shooting. In particular, the Government argues the following: (1) it discussed evidence pertaining to the Shooting without referring to facts not in evidence or expressing counsel's personal beliefs as to King's guilt or innocence; (2) the Court ruled on multiple occasions that the Government could elicit evidence concerning the Shooting because it was "inextricably intertwined" with King's possession of the gun that he used in the Shooting; (3) before trial, the Court set a rule to limit unfair prejudice to King from any discussion of the Shooting by ordering that the Government could not refer to Bess as a "victim"; and (4) the Government's summation is nearly identical to a closing that the Second Circuit held was appropriate. (ECF No. 92, at 15-20.) The Government further argues in detail that, even if the statements that King highlighted were inappropriate, their impact does not require a reversal of his conviction because they do not rise to the level of prosecutorial misconduct. (*Id.*, at 21-22.)

King's motion presents a closer call than the Government represents. Its statements during the start and end of summation were close to contravening the Court's cautions that this case "is not about a shooting," particularly its remarks "we are here because Darnell King used a gun to shoot Bess" and "[t]hat's proof beyond a reasonable doubt that shows King shot Bess with this gun." One could reasonably argue that these statements diverted the jury's attention from the

7

germane question of whether King possessed the gun to the inappropriate issue of whether King shot Bess. These statements are also located at the introduction and conclusion of summation, which may have increased their significance to the jury.

However, the Court agrees with the Government that the Government's statements do not rise to the level of prosecutorial misconduct necessary to reverse King's conviction. As the Government stresses, the Court ruled pre-trial that the Government could elicit evidence concerning King's shooting of Bess because it was "inextricably intertwined" with King's alleged possession of the gun used to shoot Bess. (*See* ECF No. 73.) Moreover, as the Government also notes, the Court limited the potential prejudice of the shooting through its instruction preventing the Government from referring to Bess as a "victim." (*Id.*) These factors, coupled with the Government's emphasis on King's use of "a gun" or "this gun" to effectuate the Shooting, indicate that Government's statements do not "constitute [such] egregious misconduct" as to "amount to a denial of due process." *Elias*, 285 F.3d, at 190. This is particularly true in light of the direction of the United States Supreme Court that "[i]nappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *Young*, 470 U.S., at 84; *accord. Modica*, 663 F.2d, at 1184 ("Reversal is an ill-suited remedy for prosecutorial misconduct....").[1]

Additionally, a recent Second Circuit ruling on a challenge to the Government's summation in another Section 922(g)(1) case provides direct guidance for the Court. In *United States v. Saunders*, the Second Circuit held that the following comments from the Government during summation were not improper:

> On a Friday night in the Bronx, Samuel Saunders, sprayed bullets into the middle of a city street. He did it because a man punched him, and he wanted revenge. He hit [the vic-tim], and he barely missed other innocent bystanders, and he did it with

---

[1] The Court also recognizes that King would bear an even higher burden to demonstrate prosecutorial misconduct on appeal because he failed to object to the challenged statements during trial. Where a defendant "did not object at trial to the statements forming the basis of his appeal, the plain error standard applies, requiring us to reject any assignment of error that does not amount to flagrant abuse which seriously affects the fairness, integrity, or public reputation of judicial proceedings and causes substantial prejudice to the defendant." *United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012) (internal quotation marks and citation omitted).

*ammunition that it was illegal for him to have. That's why we're here, because Samuel Saunders sprayed bullets into a public street and almost killed some-one.*

*\*\*\**

*The defendant acted with a complete disregard for human life. He could have killed multiple people that night. There were kids in the street. You saw them running for their lives. They were feet from where he shot.* Take a step back, consider the evidence, think about what you saw with your own eyes on the video and use your common sense. The defendant is guilty.

*United States v. Saunders*, No. 22-569-CR, 2023 WL 3220460, at \*2 (2d Cir. May 3, 2023) (emphasis added). The *Saunders* Court based its decision on its findings that that the prosecutors' descriptions accurately summarized the evidence they were permitted to offer (as is true in this case) and that "the facts and circumstances surrounding the shooting were inextricably intertwined with proving the defendant's knowing possession of ammunition" (as is also true in this case). *Id.*, at \*2. It is worth noting, too, that the challenged statements in *Saunders* possessed a greater potential to mislead a jury than the statements at issue here, as they placed even less emphasis on the defendant's use of the restricted paraphernalia (in *Saunders*, ammunition, and here, a gun) to effectuate the shooting.

Thus, the Court DENIES King's motion for a mistrial, as the Government's statements do not rise to the requisite level of prosecutorial misconduct.

## II. Whether the Court Should Grant a Judgement of Acquittal Because Section 922(g)(1) Violates the Second Amendment

King moves for a judgment of acquittal purely on the basis that the statute he was convicted of violating pursuant to Count One of the Indictment**,** Section 922(g)(1), is unconstitutional under the Second Amendment.[2] Specifically, he argues that Section 922(g)(1) fails the test for constitutionality that the Supreme Court recently established in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126, 213 L. Ed. 2d 387 (2022) because: (1) the Second Amendment's plain text covers the conduct of an individual subject to Section

---

[2] Although King does not specify whether he advances a facial or as applied challenge to the constitutionality of Section 922(g)(1), the Court infers that he brings a facial challenge— he makes no reference to the specificities of his particular case and simply argues that this statute fails the test established in *Bruen*.

9

922(g)(1); and (2) Section 922(g)(1) is inconsistent with our Nation's historical tradition of firearms regulation. (ECF 89, at 5-7.) The Government counters that: (1) King's *Bruen* argument is an impermissible attempt to relitigate the Court's pre-trial rejection of this same argument on October 6, 2022; and (2) in *United States v. Bogle*, the Second Circuit upheld the constitutionality of 922(g)(1) on the basis of *Heller* and *McDonald* rather than the "means-end test" the Supreme Court discarded in *Bruen*. 717 F.3d 281, 281-82 (2d Cir. 2013); *District of Columbia v. Heller*, 554 U.S. 570, 635, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010).

The Court agrees with the Government that the law of the case doctrine bars King's effort to relitigate the Court's October 6, 2022 decision denying King's facial and as applied challenges to the constitutionality of Section 922(g)(1). *See Defendant United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022). "As the Supreme Court has explained, the law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *Arizona Premium Fin. Co. v. Emps. Ins. of Wausau, of Wausau Am Mut. Co.*, 586 F. App'x 713, 716 (2d Cir. 2014) (citing *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). "A court's reconsideration of its own earlier decision in a case may, however, be justified in compelling circumstances, consisting principally of (1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009). As noted *supra*, the Court already decided that Section 922(g)(1) remains constitutional after *Bruen*. *King*, 634 F. Supp. 3d, at 83. And King does not point to any intervening change in controlling law in this Circuit, new evidence, or an error of law or manifest injustice that merits the Court's rejection of its prior decision. Thus, the Court denies King's Rule 29 motion for acquittal based on the alleged unconstitutionality of Section 922(g)(1), as the law of the case doctrine clearly counsels against redeciding, post-

trial, the issue of whether Section 922(g)(1) violates King's Second Amendment rights under *Bruen*.[3]

### III. Whether the Court Should Grant a Judgement of Acquittal or a New trial because the Evidence Adduced at Trial was Insufficient to Establish King's Guilt of Possession of a Firearm Beyond a Reasonable Doubt

King moves for a judgment of acquittal pursuant to Rule 29 and for a new trial pursuant to Rule 33 on the basis that there was insufficient evidence adduced at trial to convict him of Count One. (ECF No. 91, at 7-8.) He argues, in particular, that the government failed to present sufficient evidence that he was in possession of a firearm, as the Indictment alleged. However, he fails to offer any analysis whatsoever to support this weighty claim. (*Id.*)

As described *supra*, the Court must enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Fed. R. Crim. P. 29(a),(c); *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (citing *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002)). Additionally, on a motion for a new trial pursuant to Rule 33, the "ultimate test" for the Court's consideration is "whether letting a guilty verdict stand would be a manifest injustice [such that].... an innocent person may have been convicted." *Ferguson*, 246 F.3d at 133 (citation and quotation marks omitted). The Court agrees with the Government that King has failed to

---

[3] Although the Court recognizes that it need not, and should not, reconsider its prior decision as to the constitutionality of Section 922(g)(1), it takes this opportunity to note that it is not the only Court in this or other Circuits that has upheld the constitutionality of this statute (and other, similar statutes restricting firearm ownership for individuals with criminal convictions or who were determined to pose a danger to the community) post-*Bruen*. *See United States v. Rowson*, No. 22 CR. 310 (PAE), 2023 WL 431037, at *15 (S.D.N.Y. Jan. 26, 2023) (collecting cases) (applying Bruen's framework to uphold the constitutionality of Section 922(g)(1)); *see also Campiti v. Garland*, No. 3:22-CV-177 (AWT), 2023 WL 143173, at *4 (D. Conn. Jan. 10, 2023), *appeal dismissed* (Apr. 12, 2023) (upholding the constitutionality of Section 922(g)(1) post-*Bruen*, because, "while no 18th- or 19th-century laws specifically banned felons from possessing firearms, the defendants have shown that there exists a relevant historical analogue—prohibitions on firearm possession by individuals whom the state deems dangerous—and have also shown that Congress has reasonably decided that nonviolent felons are among those individuals"); UNITED STATES OF AMERICA, Plaintiff, v. CALVIN LEWIS, Defendant., No. 21 CR. 789 (NSR), 2023 WL 6066260, at *7 (S.D.N.Y. Sept. 18, 2023) ("Defendant's facial challenge to Section 922(g)(8) fails due to this statute's secure position within our Nation's tradition of disarming dangerous, lawless individuals.").

demonstrate that no rational juror could have found King guilty of violating Section 922(g)(8) beyond a reasonable doubt, and further finds that permitting King's guilty verdict to stand would not be a "manifest injustice." *Id.*

To find King guilty of violating Section 922(g)(1), the Government was required to prove beyond a reasonable doubt that King possessed a firearm that affected interstate or foreign commerce after previously receiving a felony conviction. (*See* Indictment; ECF No. 93, at 3-4.) At trial, and as the jury concluded, the Government presented sufficient evidence for a rational jury to find that it proved each of these elements beyond a reasonable doubt. For instance, a rational jury could conclude that the evidence that Government presented at trial demonstrated that a man dressed in black clothing, who witnesses identified as King on the record, shot Tyquan Bess outside of a deli at 56 East Third Street in Mount Vernon and subsequently ran to an alleyway behind 210 and 214 South Third Avenue. (ECF No. 93, at 13-14; GX 100, 103, 338-40, 351-53, 4016; ECF Nos. 95-99).  This evidence could also establish, to a rational jury, that later that same day the Mount Vernon Police Department recovered a spent nine-millimeter shell casing from outside the deli and a black Taurus G2C handgun with another nine-millimeter shell casing stuck in its barrel from the basement of 210 South Third Avenue. (*Id.*) Lastly, the Government offered expert testimony that could indicate to a rational jury that the black Taurus G3C handgun was the firearm used to shoot both of those shell casings. (*Id.*) Viewing this evidence in the light most favorable to the Government, as the Court must for purposes of King's Rule 29 motion, a rational jury could thereby conclude that King possessed the black Taurus G3C handgun during and immediately following the Shooting. *See Puzzo*, 928 F.2d, at 1361 (2d Cir. 1991).

King has thereby failed to meet the heavy burden Rule 29 imposes on a defendant seeking an acquittal based on insufficiency of the evidence. *Jackson*, 443 U.S., at 319. Likewise, the collective weight of this evidence indicates that the jury's conviction does not

qualify as an "extraordinary" circumstance that requires the Court to order a new trial to "avoid a perceived miscarriage of justice," particularly in light of the axiom that trial courts "must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *LeRoy*, 687 F.2d, at 616; *Moore*, 54 F.3d, at 99. King's motions for acquittal pursuant to Rule 29 and for a new trial pursuant to Rule 33 are, therefore, denied.

## CONCLUSION

For the foregoing reasons, Defendant Darnell King's motions for a mistrial, acquittal of his conviction pursuant to Rule 29, and a new trial pursuant to Rule 33 are DENIED.

The Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 88 and 90, and to place this matter on the calendar for January 12, at 9:45 AM for sentencing. The Court also requests that the Probation Office prepare a pre-sentence investigation report to assist the Court in sentencing.

Dated: September 28, 2023　　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge